Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol # 0918579)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
   Telephone: (213) 894-4983
   Facsimile: (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**WOONG CHEE LEE,** Individually<br>and as Managing Agent of Feliz Fashion, Inc.,<br><br>　　　　　Defendant. | Case No. CV 09-7393 FMO<br><br>**AMENDED CONSENT JUDGMENT** |

　　A.　The Secretary has filed a Complaint alleging that defendant Woong Chee Lee, individually and as managing agent of Feliz Fashion, Inc., violated provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 215(a)(1), 215 (a)(2), and 215(a)(5), of the Fair Labor Standards Act of 1938, as amended ("FLSA").

　　B.　Defendant has appeared and (after having been advised by the Secretary of the right to retain the assistance of defense counsel) acknowledges receipt of a copy of the Secretary's Complaint.

　　C.　Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Amended Complaint.

D. The Secretary and defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that defendant Woong Chee Lee, his officers, agents, servants, and employees and those persons in active concert or participation with him who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5), in any of the following manners:

1. Defendant shall not, contrary to FLSA § 6, 29 U.S.C. § 206, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), at wage rates less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), for a workweek longer than 40 hours unless the employee is paid at a rate of time and one half the employee's regular rate for all hours worked in excess of 40 hours in a workweek.

3. Defendant shall not fail to make, keep, make available to authorized agents

of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendant shall not, contrary to FLSA § 15(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee has been employed in violation of FLSA §§ 6 and/or 7, 29 U.S.C. §§ 206 and/or 207.

5. Defendant shall not continue to withhold the payment of $23,796.29, the unpaid balance of $41,120.05 in minimum wage and overtime hereby found to be due under the FLSA to 16 employees for the period from May 19, 2007 through May 19, 2009, as a result of their employment by the defendant. The attached Exhibit 1 shows the name of each employee, period of employment and gross backwage amount due to each employee.

6. Pursuant to the immediately preceding paragraph, defendant shall not fail to deliver to the Secretary's authorized representatives at

    U.S. Department of Labor

    918 Wilshire Boulevard, Suite 960

    Los Angeles, CA  90017

A. On or before September 30, 2009, a schedule bearing the Firm name, address and employer identification number, and showing the name, last known home address, and social security number for each person listed in the attached Exhibit 1.

B. Defendant shall make the payments set forth on the attached Exhibit 2. Each payment shall be made by a certified, or cashier's check or money order and includes interest calculated at 3% per year on the unpaid balance until the balance is paid in full.

Each payment shall have the Firm name and "BWs + Int." written on each, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendant then known to the Secretary.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion. The Secretary shall be responsible for deducting from the amounts paid to said persons the employees' share of F.I.C.A. and federal income taxes, and for remitting said deductions to the appropriate federal agencies. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED.

Dated: Jan. 20, 2010

_____
FERNANDO M. OLGUIN
U.S. Magistrate Judge

1 | For the defendant Woong Chee Lee

2 | The defendant hereby appears, waives any
3 | defense herein, consents to the entry of
4 | this Judgment, and waives notice by the
Clerk of Court:

5

6 | _____        _____09/12/10_____
7 | Woong Chee Lee                        Date

8 | For the plaintiff:

9

10 | DEBORAH GREENFIELD
   | Acting Deputy Solicitor

11

12 | LAWRENCE BREWSTER
   | Regional Solicitor

13

14 | DANIEL J. CHASEK
   | Associate Regional Solicitor

15

16 | _____        _____Dec 16 2009_____
17 | SUSAN SELETSKY, Attorney              Date
   | Attorneys for the Plaintiff
18 | U.S. Department of Labor

19
20
21
22
23
24
25
26
27
28

**AMENDED JUDGMENT** (Sol #0918554)                              Page 5 of 7

## Exhibit 1

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| Ahuja | Ona | 05/19/2007 | 05/18/2109 | $ 400.00 |
| Bonifacio | Jose | 05/19/2007 | 05/18/2009 | 4,307.52 |
| Enriquez | Guadalupe | 05/19/2007 | 05/18/2109 | 5,414.66 |
| Espinoza | Ana | 05/19/2007 | 05/18/2009 | 108.02 |
| Fermin | Rafael Jose | 05/19/2007 | 05/18/2109 | 2,848.00 |
| Flores | Gerardo | 05/19/2007 | 05/18/2009 | 760.00 |
| Garcia | Andres | 05/19/2007 | 05/18/2109 | 3,112.83 |
| Gomez | Diego | 05/19/2007 | 05/18/2009 | 2,956.05 |
| Hernandez | Mario | 05/19/2007 | 05/18/2109 | 2,817.25 |
| Lares | Jose L. | 05/19/2007 | 05/18/2009 | 2,416.96 |
| Oxjaj | Alicia | 05/19/2007 | 05/18/2109 | 2,161.64 |
| Pastor | Pedro | 05/19/2007 | 05/18/2009 | 4,788.62 |
| Pineda | Luicio | 05/19/2007 | 05/18/2009 | 558.87 |
| Renolt | Juana | 05/19/2007 | 05/18/2109 | 2,100.00 |
| Rojas | Blanca | 05/19/2007 | 05/18/2009 | 1,814.32 |
| Toban | Pedro | 05/19/2007 | 05/18/2009 | 4,555.31 |

## Exhibit 2

## Installment Schedule

| Payment # | Date Due | Principal | Interest | Total Due |
|---|---|---|---|---|
| 1 | 11/15/2009 | $ 1,557.92 | $ 59.46 | $ 1,617.38 |
| 2 | 12/15/2009 | 1,561.82 | 55.56 | 1,617.38 |
| 3 | 01/15/2010 | 1,565.72 | 51.66 | 1,617.38 |
| 4 | 02/15/2010 | 1,569.64 | 47.74 | 1,617.38 |
| 5 | 03/15/2010 | 1,573.56 | 43.82 | 1,617.38 |
| 6 | 04/15/2010 | 1,577.50 | 39.88 | 1,617.38 |
| 7 | 05/15/2010 | 1,581.44 | 35.94 | 1,617.38 |
| 8 | 06/15/2010 | 1,585.39 | 31.99 | 1,617.38 |
| 9 | 07/15/2010 | 1,589.36 | 28.02 | 1,617.38 |
| 10 | 08/15/2010 | 1,593.33 | 24.05 | 1,617.38 |
| 11 | 09/15/2010 | 1,597.31 | 20.07 | 1,617.38 |
| 12 | 10/15/2010 | 1,601.31 | 16.07 | 1,617.38 |
| 13 | 11/15/2010 | 1,605.31 | 12.07 | 1,617.38 |
| 14 | 12/15/2010 | 1,609.32 | 8.06 | 1,617.38 |
| 15 | 01/15/2011 | 1,613.38 | 4.03 | 1,617.41 |